```
Martin Nicolaus SBN 124461
Nicolaus Law Office
1342 California Street
Berkeley, CA 94703
Telephone (510) 526-6946
Fax (510) 868-0588
```

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ARTHUR COURT DESIGNS INC.<br><br>　Plaintiffs,<br><br>　　v.<br><br>SHERRI OWEN, JOHN JENSEN, and DOES 1 to 10,<br><br>　Defendants. | NO.  **C08-01719 EMC**<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT** |

 Due to non-communication from the defendant SHERRI OWEN, Plaintiff is compelled to file its CASE MANAGEMENT STATEMENT separately.

**1. Jurisdiction and Service**

Subject matter jurisdiction rests on the Copyright Act.  Personal jurisdiction and venue exist because Defendants availed themselves of the forum by shipping two infringing articles to a customer in this Court's jurisdiction.  The co-defendant JOHN JENSEN, believed to be the Defendant SHERRI OWEN's business partner, has so far evaded service.  OWEN has not cooperated in having JENSEN served.  Plaintiff anticipates making a decision regarding JENSEN after obtaining discovery from OWEN about JENSEN's status.

**2. Facts**

Plaintiff ARTHUR COURT DESIGNS INC. of Brisbane is a well-known designer and

manufacturer of aluminum serving ware. Each of Plaintiff's products is an original creation, is protected by copyright, and is duly registered with the Copyright Office. Defendants, doing business as NECESSITIES in Phoenix AZ, import aluminum serving ware products from Mexico and other countries and sell them in the U.S. via the Internet. Among Defendants' offerings are at least two items that are "plug mold" copies of Plaintiff's original copyrighted creations. In response to an order, Defendants shipped the knockoff items to a customer in San Francisco earlier this year, whereupon Plaintiff brought this suit for copyright infringement.

Defendant OWEN has conceded that the two items shipped are unlawful copies. Defendant's sole defense is that its infringement was innocent and that its profits were minimal. Plaintiff disputes that the infringement was innocent, because Plaintiff is very well known in the trade and Plaintiff's creations are displayed on Plaintiff's web site for everyone to see. The extent of Defendants' profits is a matter for discovery; in any event, Plaintiff may elect statutory damages.

3. **Legal Issues**.

In a document denominated "ANSWER" and prepared by an unnamed attorney but signed by the Defendant OWEN *pro se*, personal jurisdiction and venue are contested. Plaintiff contends that there is no viable challenge to personal jurisdiction and venue because Defendants purposefully availed themselves of this forum by shipping their infringing products to a customer in this jurisdiction. See, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

4. **Motions**

No motions have been filed. If the matter does not resolve promptly, Plaintiff anticipates filing a motion for summary judgment.

5. **Amendment of Pleadings**

None presently contemplated.

6. **Evidence Preservation**

All evidence germane to the subject matter has been preserved.

7. **Disclosures**

Plaintiff has provided its Rule 26 disclosures to Defendant.

**Nicolaus Law Office**
1342 California Street
Berkeley, CA 94703
Telephone 510-526-6946

**8. Discovery**

Plaintiff intends to propound interrogatories, document requests, and requests for admission, and reserves the right to take depositions.

**9. Class Actions**

Not Applicable.

**10. Related Cases**

None.

**11. Relief**

Plaintiff seeks monetary relief under § 504 of the Copyright Act and a permanent injunction against further infringement of its copyrighted items. Defendant has admitted selling 50 copies of the two admittedly infringing items (No. 10-1634 and 10-1694). Each sale constitutes a separate infringing act. On Plaintiff's election of statutory damages, Defendant's liability under § 504 of the Copyright Act is a minimum of 50 x $750 =$37,500.00, and a theoretical maximum of 50 x $30,000 = $1,500,000, plus costs including fees.

**12. Settlement and ADR**

Plaintiff will stipulate to ADR but Defendant failed to respond by the ADR Notice deadline and an ADR telephone conference has been scheduled. Plaintiff is willing to compromise the claim but Defendant's offer of settlement has not been within the realistic range.

**13. Consent to Magistrate Judge**

Plaintiff consents.

**14. Other References**

Not applicable at this time.

**15. Narrowing of Issues**

Narrowing of issues is possible as discovery proceeds.

**16. Expedited Schedule**

An expedited schedule might assist in disposing of this matter more quickly, since the issues are not complicated.

**17. Scheduling**

**Nicolaus Law Office**
1342 California Street
Berkeley, CA 94703
Telephone 510-526-6946

1  Plaintiff will be guided by the Court.

2  **18. Trial**

3  Plaintiff has requested a jury trial but reserves the right to waive the jury.

4  **19. Disclosure of Non-party Interested Entities.**

5  Plaintiff has filed the required disclosure.  There are no non-party Interested Entities on the
6  Plaintiff side.

7  **20. Other Matters**

8  Defendant's claims of poverty are not credible.  Defendant's Internet catalogue
9  (http://www.necessitiesforhome.com/OnlineCatalog.asp ) lists nearly a thousand different items of
10  merchandise, indicating a midsize commercial operation.

11  Date: 06/29/08                                              Respectfully submitted,

13                                                              _____
                                                                Martin Nicolaus
                                                                Attorney for Plaintiff

**Nicolaus Law Office**
1342 California Street
Berkeley, CA 94703
Telephone 510-526-6946