UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARTHUR COURT DESIGNS, INC.,          No. C-08-1719 EMC

        Plaintiff,

    v.                                                          **ORDER SEVERING CASE**

SHERRI OWENS, *et al.*,

        Defendants.
_____/

Plaintiff Arthur Court Designs, Inc. ("ACDI") has filed suit against Defendants Sherri Owens and John Jensen for copyright infringement. Ms. Owens has made an appearance in this case, but Mr. Jensen has not and a default has been entered against him. *See* Docket No. 21 (entry of default). On February 4, 2009, the Court held a case management conference at which only ACDI appeared. ACDI represented that Ms. Owens had signed a stipulated consent decree, *see also* Docket No. 27 (stipulated consent decree), thus resolving the case as to her and leaving only ACDI's claims against Mr. Jensen.

Because the only claims remaining are those against Mr. Jensen, the Court deems it appropriate to sever those claims from the instant case so that the Court may enter a final judgment against Ms. Owens in the instant case. *See* Fed. R. Civ. P. 54(b) (providing that, typically, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties"). Although no party has moved for severance in the instant case, the Court may sever claims sua sponte pursuant to Federal Rule of Civil Procedure 21. *See* Fed. R. Civ. P. 21 (providing that a court may "on its own"

and "at any time, on just terms, add or drop a party"); *see also Maddox v. County of Sacramento*, No. 06-cv-0072, 2006 U.S. Dist. LEXIS 83105, at *4 (E.D. Cal. Nov. 6, 2006) (noting that the court would decide sua sponte whether to sever the plaintiffs' claims under Rule 21). Under Rule 21, "[a] claim may be severed if it will serve the ends of justice and further the prompt and efficient disposition of litigation." *CVI/Beta Ventures v. Custom Optical Frames*, 896 F. Supp. 505, 505 (S.D. Md. 1995) ; *see also* 4- 21 Moore's Fed. Prac. -- Civ. § 21.05 ("The trial court . . . has great discretion [under Rule 21] to restructure an action to promote the efficient administration of justice.").

Accordingly, the Clerk of the Court is hereby ordered to open a new case with ACDI as Plaintiff and Mr. Jensen as Defendant. The complaint in this case shall be used as the complaint in the new case. The entry of default against Mr. Jensen in this case shall be deemed an entry of default in the new case. No later than **March 11, 2009**, ACDI shall file a motion for default judgment in the newly opened case against Mr. Jensen. ACDI shall serve a copy of the motion, and all accompanying submissions, on Mr. Jensen, as well as a copy of this order. Mr. Jensen shall then have until **March 25, 2009**, to file an opposition, and ACDI until **April 1, 2009**, to file a reply. The Court shall then issue a report and recommendation on the papers, unless it deems a hearing on the motion for default judgment necessary.

IT IS SO ORDERED.

Dated: February 9, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge